IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

      Plaintiffs,

v.              CIVIL ACTION NO. 2:13-5006

FOLA COAL COMPANY, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion to Certify Orders for Immediate Appeal, ECF No. 124. Defendant moves the Court to amend Memorandum Opinions and Orders entered on July 30, 2014, ECF No. 80, September 30, 2014, ECF No. 114, and January 27, 2015, ECF No. 123, certifying the orders as immediately appealable pursuant to 28 U.S.C. § 1292(b). Defendant further moves for an order staying these proceedings until interlocutory appeal is granted and completed or denied. For the reasons explained below, Defendant's Motion is **DENIED**.

  I.  BACKGROUND

Plaintiffs bring this action pursuant to the citizen suit provisions of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA") and the Surface Mining Control and Reclamation Act ("SMCRA"). Plaintiffs allege that Defendant Fola Coal Company, LLC ("Fola") violated these statutes by discharging excessive amounts of ionic pollution, measured as conductivity and sulfates, into the waters of West Virginia in violation of their National Pollutant Discharge Elimination System ("NPDES") permits and their West Virginia Surface Mining

Permits. Pursuant to this Court's June 21, 2013 Scheduling Order, ECF No. 16, this case is proceeding in two phases: Phase I resolved questions of jurisdiction and liability, and Phase II will resolve issue of appropriate injunctive relief and civil penalties.

Defendants seek amendment and certification for immediate appeal of three memorandum opinions and orders related to Phase I proceedings. On July 30, 2014, the Court denied Defendant's motion for summary judgment (ECF Nos. 57 and 60), rejecting the argument that the CWA permit shield defense applied to this action. ECF No. 80. From August 19, 2014 to August 22, 2014, the Court held a four-day trial on Phase I issues of jurisdiction and liability. On August 20, 2014, at the close of Plaintiffs' evidence, Defendant made an oral motion for judgment on partial findings. On September 30, 2014, the Court denied Defendant's motion, finding instead that Plaintiffs had provided evidence sufficient to support the allegation that Defendant was responsible for discharges in violation of its permits. ECF No. 114. On January 27, 2014, the Court issued a Memorandum Opinion and Order finding that Plaintiff's had established statutory jurisdiction and that Defendant had committed at least one violation of its permits, thereby concluding Phase I. ECF No. 123.

Related to these three orders, Defendant seeks interlocutory appeal of the following questions:

(1) Whether the District Court erred as a matter of law in ruling that West Virginia coal companies that hold NPDES permits must meet water quality standings for pollutants when discharges of those pollutants were revealed in the application and not expressly regulated in those permits;

(2) Whether the District Court erred as a matter of law in adopting a standard for compliance with West Virginia's narrative water quality standards that has never been approved as a water quality standard by the State or USEPA and that is contrary to State law and policy as expressed in both WVDEP Guidance and acts of the West Virginia Legislature; and

> (3) Whether the District Court erred as a matter of law in concluding that conductivity, though not a specific pollutant, is a reasonable and/or allowable proxy for specific ionic pollutants in a CWA citizen's suit.

Def. Mem. at 3, ECF No. 124. The first two questions raised by Defendant are ostensibly identical to questions certified for immediate appeal in *OVEC v. Elk Run Coal Co.*, Civil No. 12-0785, ECF No. 125. Without explanation, the Fourth Circuit denied Defendant's petition for appeal on those questions. *Elk Run Coal Co. v. OVEC*, No. 14-439 (4th Cir. Oct. 24, 2014).

## II.  DISCUSSION

In general, appellate review is reserved for final judgments. 28 U.S.C. § 1291; *see United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."); *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 423 (4th Cir. 1994) ("[Finality] is an important component of the judicial structure, for, as a general matter, it prevents the entanglement of the district and appellate courts in each other's adjudications in an unruly and ultimately inefficient way."). Notwithstanding this general rule, 28 U.S.C. § 1292(b) does allow for interlocutory appeals in limited circumstances. However, given that federal law strongly favors finality in the district court before an appeal is pursued, § 1292(b) "'should be used sparingly and . . . its requirements must be strictly construed.'" *Woodcock v. Mylan, Inc.*, No. 2:09:00507, 2009 WL 4730820 (S.D.W.Va. Dec. 4, 2009) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

In order to satisfy the statutory requirements for discretionary appeal under § 1292(b), a district judge must certify (1) that the order involves a controlling question of law (2) as to which there is

substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

As noted above, Defendant seeks immediate appellate review of two questions of law that are ostensibly identical to questions that the Fourth Circuit has previously refused to take up on interlocutory appeal. *See Elk Run Coal Co. v. OVEC*, No. 14-439 (4th Cir. Oct. 24, 2014). Considering that these issues have been previously certified to the Fourth Circuit in materially similar circumstances and the Fourth Circuit declined the petition for appeal, this Court has no reason to suspect a different outcome here. Accordingly, the Court declines to repeat certification of Defendant's first two questions.

With respect to Defendant's final question, Plaintiffs argue, and the Court agrees, that the issue involves mixed questions of law and fact, thereby rendering it inappropriate for interlocutory appeal. Interlocutory appeal is not appropriate where an issue of law is "heavily freighted with the necessity for factual assessment." *Fannin v. CSX Transp., Inc.*, 1989 WL 42583, at *5 (4th Cir. April 26, 1989) (*per curiam*). Furthermore, certification is inappropriate where a question of law is "grounded in the specific facts of the case, and cannot be divorced from the facts in such a way that it is a 'controlling issue of law.'" *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1198 (E.D.Va. 1991), *vacated on other grounds by Shaffer v. Farm Fresh, Inc.* 966 F.2d 142 (4th Cir. 1992).

Here, the conclusion that conductivity measurements can be a reasonable and allowable proxy for particular ionic pollutants is inextricably connected to the factual record. ECF No. 114 at 21 (concluding that "in this unique and well-studied region, [conductivity] is a reasonable proxy for specific ionic pollutants known to cause violations of West Virginia's narrative water quality standards."). This Court specifically did not find that conductivity is *always* an appropriate proxy for ionic pollutants as a matter of law. *Id.* Accordingly, review of Defendant's third question

cannot be accomplished without review of the entire evidentiary record, rendering the question inappropriate for certification.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Certify Order for Immediate Appeal, ECF No. 124, in **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    April 8, 2015

    */s/ Robert C. Chambers*
    ROBERT C. CHAMBERS, CHIEF JUDGE